UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GLENDA MYERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:23-cv-1473 |
| | ) |
| CITY OF KOKOMO, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Comes now the Plaintiff, Glenda Myers ("Plaintiff"), by undersigned counsel, and hereby files this lawsuit against the Defendant, City of Kokomo ("Defendant"), under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII").

## PARTIES

2. Plaintiff has resided within the Southern District of Indiana at all relevant times.

3. Defendant is a city within the Southern District of Indiana.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 2000e-5(f)(3).

5. Plaintiff was an "employee" within the meaning of 42 U.S.C. § 2000e(f).

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

7. Plaintiff satisfied her obligations to exhaust her administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. The EEOC issued a right-to-sue notice to Plaintiff. She now timely files her lawsuit.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

**FACTUAL ALLEGATIONS**

9.     Plaintiff is a female who works for the Defendant as Division Chief, Fire Investigation at the City of Kokomo, Fire Department. Plaintiff has held this position since January 2021.

10.     At all times relevant, Plaintiff met or exceeded Defendant's legitimate performance expectations.

11.     Plaintiff is the only female employed by Defendant at or above the level of Division Chief.

12.     Myers filed a charge of sex discrimination and retaliation with the EEOC in or about May 2018.  She did not file a lawsuit as a result of that charge.  Nevertheless, Defendant has retaliated against Myers because of her prior charge of discrimination.

13.     Myers has been subjected to disparate treatment and discrimination in pay while employed by Defendant.

14.     All Division Chiefs work regular 8-hour shifts and do not work weekends or holidays but are subject to being called in at any time, twenty-four hours per day, seven days per week.

15.     Division Chiefs are entitled to receive overtime pay when called in outside of their regularly scheduled hours.

16.     Department policy requires the Fire Investigator to be called in and dispatched in specific circumstances, including: (a) damages in excess of $35,000; (b) fires involving schools, churches, or government offices; (c) fires in which the origin and cause cannot be immediately determined; (d) fires resulting in serious injury; (e) multiple concurrent fires in an area or structure; (f) fires in vacant structures; and (g) potentially incendiary vehicles.

17.    In addition, Department policy requires notification to the Fire Investigator by email and an investigation in specific circumstances, including vehicles fires and fires set by juveniles.

18.    Call-ins and investigations can result in substantial overtime amounting to thousands of dollars per year.

19.    Despite explicit Department policy requiring the Fire Investigator to be dispatched or contacted, Defendant has regularly refused to do so.  Instead, Defendant routinely sends male employees who are not certified Fire Investigators conduct arson investigations.

20.    The effect of Defendant's actions has been to deny thousands or tens of thousands of dollars in compensation to Myers.

21.    In addition to her role as Fire Investigator, Myers is required to conduct Plan Reviews. Males employed in the role of Fire Investigator before Myers were not required to perform these additional duties.

22.    Defendant gives more favorable treatment to similarly-situated male employees as well as to junior, less qualified male employees.

23.    Defendant's actions have violated Plaintiff's rights as protected by Title VII of the Civil Rights Act of 1964.

24.    Plaintiff has suffered and continues to suffer damages because of Defendant's unlawful actions.

## COUNT I

## TITLE VII – SEX DISCRIMINATION

25. Plaintiff hereby incorporates paragraphs 1-24 of her Complaint.

26. Defendant took adverse employment actions against Plaintiff because of her sex.

27. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights protected by Title VII.

## COUNT II

## TITLE VII – RETALIATION

28. Plaintiff hereby incorporates paragraphs 1-27 of her Complaint.

29. Plaintiff engaged in statutorily-protected activities.

30. Defendant took adverse employment actions against Plaintiff because of her statutorily-protected conduct.

31. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by Title VII.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Glenda Myers respectfully requests that this Court find for her and order that:

1. Defendant pay lost wages and benefits to Plaintiff;

2. Defendant pay compensatory damages to Plaintiff;

3. Defendant pay pre- and post-judgment interest to Plaintiff;

4. Defendant pays Plaintiff's attorneys' fees and costs incurred in this action;

and

5. Any and all other legal and/or equitable damages that this Court determines just and proper to grant.

Respectfully submitted,


John H. Haskin
Craig M. Williams
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
Telephone: (317) 955-9500
Facsimile: (317) 955-2570
Email: jhaskin@jhaskinlaw.com
Email: cmwilliams@jhaskinlaw.com


**DEMAND FOR JURY TRIAL**

Plaintiff, Glenda Myers, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,


John H. Haskin
Craig M. Williams
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
Telephone: (317) 955-9500
Facsimile: (317) 955-2570
Email: jhaskin@jhaskinlaw.com
Email: cmwilliams@jhaskinlaw.com